Abelardo VELA, Jr., Petitioner–
Appellant,

v.

Mike KNOWLES, Warden,
Respondent–Appellee.

No. 06–15517.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2007.*

Filed Feb. 23, 2007.

David D. Martin, Esq., Alameda, CA, for
Petitioner–Appellant.

Nancy Hsiao–Hui Tung, Office of the
California Attorney General, San Francis-
co, CA, for Respondent–Appellee.

Before: RYMER and SILVERMAN,
Circuit Judges, and REED **, District
Judge.

## MEMORANDUM ***

Abelardo Vela, Jr. appeals the district
court's order denying his federal habeas
petition for ineffective assistance of coun-
sel. We affirm.

*United States v. Knights,* 534 U.S. 112,
122 S.Ct. 587, 151 L.Ed.2d 497 (2001),
upon which Vela relies, left open the ques-
tion pertinent to Vela's case that was re-

solved in *Samson v. California,* —— U.S.
——, 126 S.Ct. 2193, 165 L.Ed.2d 250
(2006). Furthermore, *Knights* does not
entail that the manner in which the search
was conducted was unconstitutional.
Therefore, the California Superior Court's
decision was neither contrary to nor an
unreasonable application of clearly estab-
lished federal law. 28 U.S.C. § 2254(d)(1).
This being so, Vela cannot have been prej-
udiced by his counsel's failure to move to
suppress, nor is his guilty plea implicated.
*Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct.
366, 88 L.Ed.2d 203 (1985).

AFFIRMED.

REED, District Judge, concurring:

I would dismiss the appeal because it
does not meet the case or controversy
requirement of Article III.

The district court based its denial of
Appellant's habeas petition on two inde-
pendently sufficient grounds: (1) it found
that his ineffective assistance of counsel
claim was not cognizable because of Vela's
intervening guilty plea where Vela's inef-
fective assistance of counsel claim did not
implicate the knowing and voluntary na-
ture of his plea; and (2) it found that
Vela's ineffective assistance of counsel
claim failed because he cannot show that a
motion to suppress would have been meri-
torious and therefore he cannot show prej-
udice. Reversing the district court would
require finding that neither ground pro-
vides a sufficient basis for denying Vela's
habeas petition. In the Certificate of Ap-
pealability ("COA"), the district court only
certified the issue of "whether [Vela's]
counsel's failure to file a motion to sup-
press constituted ineffective assistance of

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior
   United States District Judge for the District of
   Nevada, sitting by designation.

*** This disposition is not appropriate for publi-
    cation and is not precedent except as provid-
    ed by 9th Cir. R. 36–3.

counsel." It did not certify the issue of whether Vela's intervening guilty plea rendered his claim non-cognizable. Appellant requests that this Court reject the district court's findings concerning the effect of the guilty plea. His briefing of this issue does not comply with the requirements of Circuit Rule 22–1(e), and Vela has not moved to expand the COA to include the uncertified guilty plea issue. Furthermore, because Vela has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I would decline to expand the COA to include the issue of the effect of Vela's guilty plea.

Only one of two alternative, adequate, and independent federal grounds for denying Vela's habeas petition is before us; therefore, I would hold that consideration of the issue specified in the COA is inappropriate. *Phelps v. Alameda,* 366 F.3d 722, 729–31 (9th Cir.2004).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.